UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

VICTOR HARDY                                                      PLAINTIFF

v.                                                   CIVIL ACTION NO. 5:13CV-P73-R

RICKY PARNELL *et al.*                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On review of the original *pro se* complaint (DN 1), the Court was unable to discern who the Plaintiffs were. Consequently, by Order entered August 16, 2013 (DN 5), the Court directed Plaintiff Hardy and any other intended Plaintiffs to file an amended complaint which the Court advised would supercede the original complaint. Only Plaintiff Hardy filed an amended complaint (DN 7), and in a letter, he advised that he is the only Plaintiff in this action "Due to we all have been separated some or in different dorms then [] others have left [and] went to prison. Some or free and went home [] And I have no way to contact or get intouch with these peers" (DN 9). The Court concludes that Plaintiff Hardy is the sole Plaintiff in this action.

After filing his amended complaint, Plaintiff also filed a letter (DN 13) containing allegations which occurred following the filing of his amended complaint. The Court construes this letter as a motion to supplement (DN 13), which is **GRANTED**.

This matter is currently before the Court on initial review of Plaintiff's *pro se* amended complaint (DN 7) and supplement (DN 13) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the amended complaint (DN 7) and supplement

(DN 13) will be dismissed, but the Court will provide Plaintiff with another opportunity to file an amended complaint with respect to his retaliation claim.

## I. SUMMARY OF CLAIMS

Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement at the Fulton County Detention Center (FCDC). Plaintiff was a convicted inmate incarcerated in the FCDC when he initiated this action, but he has since been transferred to the Roederer Correctional Complex (RCC).

Plaintiff brings suit against FCDC Jailer Ricky Parnell and FCDC Chief Deputy Jim Williams in their individual and official capacities.

In the amended complaint, Plaintiff raises two claims. Plaintiff first complains of "Money being taken off My books." He reports filing "Grievances against Jim Williams" on February 19 and 25, 2013, and filing an appeal on March 4, 2013, but never receiving a response. He asks, "why they was taking money off my account for Hygienes," and he reports that he filed an "informal resolutin - Jim Williams- nothing done - 2-25-13 [and] 2-18-13 file claim do to my 8th Amendment Rights being violated cruel unusual Punishment by Jailer Ricky Parnell. Im a state inmate being charged for state indigent Products."

As to his second claim, Plaintiff complains of being placed in "the hole" and alleges as follows:

> Grievence on 8-14-13 about putting me in the hole against my will.[1] During chow time guard comes and say Hardy Pack it up, im thinking im being shipped off, then

---

[1]To his amended complaint, Plaintiff attached a copy of the August 14, 2013, grievance. The grievance was directed to Jeff Johnson, but it is unclear who responded to the grievance as the signature is illegible. The response stated, "You are not in the hole you were placed in protective custody Due to your concerns. We are monitoring your well being closely."

> I ask whats going on Guard stated to me you are checking in the hole for writting Greivences, ordered by Jeff Johnson. Grevance 8-20-13 To Jeff Johnson regarding me being in the hole [and] letting him no that I didnt request to be here.[2] Inspector Sarah Hughes stated to him to release me from P.C. [and] put me back in my dorm. so he had me to write him a letter stating that I don't want P.C. after I did that. He comes back with you are not getting out of P.C due to you have been intimidating inmates. another way to punish me for writting Greveicnies [and] filing the 1983 lawsuit against them [and] facility. And for bringing attention to F.C.D.C. my rights are being violated against/inmates have the right to file a complaint against Jail or Prison Staff for cruel [and] unusual Punishment [and] if your rights are being violated.

To the amended complaint, Plaintiff attached a copy of a July 28, 2013, letter addressed to Sarah Hughes of the Department of Corrections, Division of Local Facilities. Therein, he writes that he is "scared for my safety of my life" at FCDC, and "Im so fearful here I cant eat my food cause I no now they really are trying to poison me. I keep finding hair [illegible] like rocks real fine pieces of metal in my food. They given me bread that have green mode on the sides." He continues, "Just this matter of me having a civil suit against the Jailer here at F.C.D.C is a automaticed conflic with me and the staff here at F.C.D.C. Thats probably with they intimidating me and making these threating statement towards me and trys to poison me with the food."

---

[2] Plaintiff also attached a copy of his August 20, 2013, grievance directed to Jeff Johnson. Plaintiff stated that he is not afraid of other inmates but of FCDC officers and that "I feel more safe being in the dorm around people. Then what I do being in P.C." He further stated, "You placed me in here to shut my mouth. . . . this is a retaliation move of a punishment to make me suffer. Due to me exposing whats taking place down here at f.C.D.C. You call this P.C. I see it as the hole segregation a consequence for writen them letters to D.O.C." The August 22, 2013, response indicated, "After investigating this matter with personel with Dept. Of Corrections. We spoke with several inmates [and] have concluded that you have intimidated other inmates. We will not remove you from Protective custody at this time."

In the supplement to the complaint, Plaintiff alleges that after being transferred to RCC,

> a write up was sent From Fulton Cty. Regarding horseplaying that I served 35 days for. Then they stated that I was hitting inmates on the butts.[3] Which is a lie I don't play like that im not a homosexual [and] I don't play like that in any kind away. So I went to court call at the roederer tried to defend myself [and] to make them understand that this is still their way of retialing against me still. . . . Then when I go to be classified they slap me with high Risk mgnt. Maxium Security Level.

In addition to increasing his custody level, Plaintiff reports that as a result of the new write-up, "they took 60 days of My Good time [and] gave me twenty days in the hole."

Plaintiff reports that the "horseplaying" incident, for which he was placed in the hole for 35 days while at FCDC, occurred on June 7, 2013, the same date as the new charge of allegedly hitting inmates on the butt. He questions why he was not charged for both incidents while at FCDC and alleges "double Jeopardy Im being punished for the same charge twice of horseplaying on top of that added charges that never occurred." He claims that "They are mad because I got shipped out. And they couldn't finish tormenting me. So they said I'll get you one way or another."

As relief, Plaintiff seeks monetary and punitive damages; an injunction directing his shipment away from FCDC; and "Release as soon as disposition/restore good time expungement of records."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

---

[3]A copy of the Disciplinary Report Form regarding the new write-up indicates that on June 7, 2013, Plaintiff and two other inmates "assaulted" four other inmates "by grabbing and smacking them on their butts." In addition, Plaintiff "chocked and slammed" one of the inmates and also grabbed another inmate's "butt 3 or 4 times."

4

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

5

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues Defendants in both their individual and official capacities. Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* Plaintiff's official-capacity claims against Defendants,

therefore, are actually against Fulton County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

"On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. at 166. "More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation." *Id.* (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (internal quotation marks omitted). "[T]hus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) ("[T]o demonstrate municipal liability, [a plaintiff] must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.").

### A. *Payment for hygiene items*

"[T]he Eighth Amendment prohibits the denial of basic needs, including hygiene." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff does not allege that he was denied hygiene items. He complains only that he, a state inmate, was charged for them. Because he does not complain that he was denied any basic necessities, Plaintiff fails to state an Eighth Amendment claim upon which relief may be granted. *Id.* ("Argue's claim does not rise to the level of cruel and unusual punishment. Argue did not allege that he suffered extreme discomfort or that he has been completely denied hygiene products."). Having failed to state a constitutional claim, Plaintiff's claims fail against Defendants Parnell and Williams in both their individual and official capacities.

7

### B. Retaliation

Plaintiff alleges that he was retaliated against (placed in the hole, threatened, given tainted food, issued a bogus write-up) for writing letters to the Department of Corrections, for filing grievances, and for filing this § 1983 action. He fails to allege any facts involving Defendants Parnell and Williams in the alleged retaliation claims. *See Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) ("Ridgeway failed to allege how any defendant was personally involved in the deprivation of his constitutional rights and for this reason, the district court properly dismissed the complaint.") (citing *Rizzo v. Goode*, 423 U.S. 362, 373 (1976)). Rather, Plaintiff attributes his placement in the hole to Jeff Johnson, who is not a defendant, and his bogus write-up, food contamination, and threats to unspecified staff.

To the extent Plaintiff seeks to hold Defendants Parnell and Williams liable based on their supervisory positions, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948; *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Because Plaintiff fails to allege direct involvement by either Defendant Parnell or Williams in any of his complaints of retaliation, his retaliation claim fails against them in their

individual capacities.  **However, because Plaintiff alleges that Jeff Johnson (for whom he submitted a summons but did not name as a defendant in either the amended complaint or supplement) and unspecified staff retaliated against him for writing letters, filing grievances, and filing this action, the Court will allow Plaintiff to file an amended complaint with respect to the retaliation claim and naming as Defendants those individuals who were allegedly involved.**  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

As to the official-capacity claims, none of the allegations in the amended complaint or its supplement demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Fulton County.  Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.  Additionally, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).  For these reasons, the official-capacity claims of retaliation against Defendants also must be dismissed.

### C. *Fear for safety*

Plaintiff alleges that while at FCDC he feared for his safety because unspecified FCDC officers were threatening him and trying to poison him.  However, he does not allege the circumstances surrounding these claims.  His conclusory allegations of fear for his safety do not rise to the level of a constitutional violation in this case. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) ("However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.") (quoting *Babcock v. White*,

102 F.3d 267, 272 (7th Cir. 1996)) (internal citations omitted)). Because Plaintiff complains only of past threats resulting in no physical injury and is no longer incarcerated at the FCDC, he fails to state a claim upon which relief may be granted against Defendants in both their individual and official capacities.

### D. Double Jeopardy

Plaintiff alleges a double jeopardy violation for "being punished for the same charge twice of horseplaying on top of that added charges that never occurred." "The Double Jeopardy Clause provides that no 'person [shall] be subject for the same offence to be twice put in jeopardy of life or limb.'" *Hudson v. United States*, 522 U.S. 93, 98 (1997). That Clause "does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment." *Id.* at 98-99 (citations and internal quotation marks omitted). Rather, it "protects only against the imposition of multiple *criminal* punishments for the same offense." *Id.* at 99. The "traditional rule [is] that prison disciplinary sanctions do not trigger the protections of the double jeopardy clause." *Porter v. Coughlin*, 421 F.3d 141, 144 (2d Cir. 2005). "The Double Jeopardy Clause was not intended to inhibit prison discipline . . . ." *United States v. Simpson*, 546 F.3d 394, 398 (6th Cir. 2009).

Because "the Double Jeopardy Clause does not apply to prohibit the successive prison disciplinary proceedings," *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996); *see also Howard v. Tibbals*, No. 1:12-CV-2628, 2013 WL 821339, at *9 (N.D. Ohio Mar. 4, 2013) ("[T]here is no suggestion that defendants' consideration of previously imposed administrative disciplinary sanctions in determining plaintiff's security classification constituted a criminal punishment."), Plaintiff fails to state a double jeopardy claim related to his prison disciplinary proceedings, and that claim must be dismissed.

### E. *Injunctive relief*

Plaintiff seeks two forms of injunctive relief. First, Plaintiff asks to be shipped from FCDC. Because Plaintiff has been transferred to RCC, this request for injunctive relief is moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after transfer to another facility).

Second, Plaintiff asks for "Release as soon as disposition/restore good time expungement of records." "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("The complaint in this case sought restoration of good-time credits, and the Court of Appeals correctly held this relief foreclosed under *Preiser*."). Because Plaintiff is seeking an immediate or speedier release from custody, this § 1983 claim for injunctive relief must be dismissed.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** the amended complaint (DN 7) and supplement (DN 13) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint with respect to the retaliation claim.** The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three blank summons forms, to Plaintiff for his use should he wish to amend the complaint. Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
　　　Fulton County Attorney
4413.005