# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**VICTOR HARDY**                                                    **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:13CV-P73-R**

**RICKY PARNELL** *et al.*                                      **DEFENDANTS**

## MEMORANDUM OPINION

      Plaintiff Victor Hardy filed this *pro se* civil-rights action pursuant to 42 U.S.C. § 1983. By Order entered October 22, 2013, the Court granted Plaintiff's application to proceed without prepayment of the filing fee. Shortly thereafter, on November 5, 2013, the Court entered a Memorandum Opinion and Order dismissing the amended complaint and supplement for failure to state a claim upon which relief may be granted but providing Plaintiff with an opportunity to amend his complaint. The U.S. Postal Service returned Plaintiff's copy of these two Orders to the Court; the envelopes were marked "Return to Sender" and "Not Deliverable/ Undeliverable as Addressed."

      Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Apparently, Plaintiff is no longer incarcerated at the Roederer Correctional Complex, his address of record. Because he has not provided any forwarding address to the Court, neither notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because it appears to this Court that Plaintiff has abandoned any interest in prosecuting this case, the Court will dismiss the action by separate Order pursuant to Fed. R. Civ. P. 41(b).

Date:


cc:     Plaintiff, *pro se*
        Fulton County Attorney
4413.005